# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. PARKER, | CV F 99-6613 OWW SMS P |
| Plaintiff, | |
| v. | ORDER SETTING DEADLINE FOR SUBMISSIONS OF MOTIONS IN LIMINE |
| M. HUTTON, et. al., | |
| Defendants. | |

Robert M. Parker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. BACKGROUND**

On April 4, 2005, this Court issued a Second Scheduling Order setting the case for a Telephonic Trial Confirmation Hearing on August 11, 2005, and trial before the Honorable Oliver W. Wanger on September 20, 2005. On May 17, 2005, Defendants moved to continue the trial. The District Court denied the request on June 6, 2005, but reset the Telephonic Trial Confirmation hearing for August 25, 2005, at 10:00 a.m. Due to a scheduling conflict, this Court found it necessary to reschedule the time for the Telephonic Trial Confirmation Hearing. The

Telephonic Trial Confirmation Hearing will be held on August 25, 2005, at 9:00 a.m. before the undersigned.

**B. MOTIONS IN LIMINE**

Any party may file a Motion in Limine. The purpose of a Motion in Limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of Motions in Limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a Motion in Limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

Motions in Limine[1] filed by both parties must be served on the opposing party and filed with the Court, **on or before** AUGUST 17, 2005. Any Motion in Limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Should the Court deem it necessary, a hearing date for Motions in Limine will be set during the Telephonic Trial Confirmation Hearing. Otherwise, the trial Court will hear and decide such motions on the morning of trial.

Whether or not a party files a Motion in Limine, that party may still object to the introduction of evidence during the trial.

Accordingly, the Court HEREBY ORDERS:

1. ALL motions in limine SHALL be filed no later than **AUGUST 17, 2005**.

---

[1]The exhaustion of administrative remedies under Section 1997(e) is an affirmative defense, the absence of which the Defendants have the burden of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Here, the dispositive motion deadline expired on November 20, 2000 and Defendant's Motion to Dismiss for exhaustion was denied by the Court on April 16, 2005. (See Court Docs. 18, 46, 48, 49.) Accordingly, Defendants are forewarned that raising the issue of exhaustion at trial is ***expressly forbidden.***

As the Telephonic Trial Confirmation is scheduled to occur on August 25, 2005, at 9:00 a.m. before the undersigned, the Court cannot entertain extensions of time for the submission of Motions in Limine.

IT IS SO ORDERED.

**Dated:   July 7, 2005**                              /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE