1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  ROBERT M.  PARKER,                      CV F 99-6613 OWW SMS P

10                      Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF ACTION
11       v.                                  BASED ON PLAINTIFF'S FAILURE TO
                                             OBEY THE COURT'S ORDER OF APRIL 4,
12  M.  HUTTON, et. al.,                     2005

13                      Defendant.           (Doc.  65)
    _____/

14

15        Robert M.  Parker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

16  action pursuant to 42 U.S.C. § 1983.  On April 4, 2005, the Court issued an Order requiring the

17  parties to file pre-trial statements.  Plaintiff was to file his pre-trial statement on or before May

18  18, 2005, and Defendant was to file his pre-trial statement on or before June 17, 2005.  On May

19  17, 2005, Defendants moved to continue the trial.  The District Court denied the request and set a

20  deadline for the parties to file pre-trial statements of July 11, 2005.  Defendants filed their pre-

21  trial statement on July 11, 2005.  However, to date, Plaintiff has not filed his pre-trial statement

22  or otherwise responded to the court's order.

23        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

24  Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

25  and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

26  power to control their dockets and "in the exercise of that power, they may impose sanctions

27  including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

28  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

1

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

2  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

3  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

4  comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

5  41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to

6  keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

7  1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

8  1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local

9  rules).

10          In determining whether to dismiss an action for lack of prosecution, failure to obey a

11  court order, or failure to comply with local rules, the court must consider several factors: (1) the

12  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

13  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

14  their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

15  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

16  46 F.3d at 53.

17          In the instant case, the Court finds that the public's interest in expeditiously resolving this

18  litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case

19  has been pending for six years.  The third factor, risk of prejudice to defendants, also weighs in

20  favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable

21  delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The

22  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed

23  by the factors in favor of dismissal discussed herein.   Finally, a court's warning to a party that

24  his failure to obey the court's order will result in dismissal satisfies the "consideration of

25  alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;

26  Henderson, 779 F.2d at 1424.  The court's order requiring Plaintiff to file a pre-trial statement

27  expressly stated: "The parties are advised that failure to file pre-trial statements as required by

28  this order may result in the imposition of appropriate sanctions, which may include dismissal of

1  the action or entry of default."  Thus, Plaintiff had adequate warning that dismissal would result

2  from his noncompliance with the Court's order.

3       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without

4  prejudice, based on Plaintiff's failure to obey the court's order of April 4, 2005.

5       These Findings and Recommendations are submitted to the United States District Judge

6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **FIFTEEN**

7  **(15) days** after being served with these Findings and Recommendations, Plaintiff may file

8  written objections with the court.  Such a document should be captioned "Objections to

9  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

10  objections within the specified time may waive the right to appeal the District Court's order.

11  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12

13  IT IS SO ORDERED.

14  **Dated:**   **July 14, 2005**            **/s/ Sandra M. Snyder**
    icido3                 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28