1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| 9 | CV F 99-6613 OWW SMS P |
| 10 | ORDER VACATING TELEPHONIC TRIAL CONFIRMATION HEARING AND TRIAL DATES (Docs. 65, 69.) |
| 11 12 | ROBERT M. PARKER, |
| 12 | Plaintiff, |
| 13 | ORDER DIRECTING DEFENDANTS TO INFORM PRISON OF CANCELLATION OF HEARING |
| 14 | v. |
| 15 | M. HUTTON, et. al., |
| 16 | Defendant. |

ROBERT M. PARKER,

                    Plaintiff,

     v.

M. HUTTON, et. al.,

                    Defendant.
_____/

CV F 99-6613 OWW SMS P

ORDER VACATING TELEPHONIC TRIAL
CONFIRMATION HEARING AND TRIAL
DATES (Docs. 65, 69.)

ORDER DIRECTING DEFENDANTS TO
INFORM PRISON OF CANCELLATION OF
HEARING

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION
BASED ON PLAINTIFF'S FAILURE TO
COMPLY WITH COURT ORDER TO SUBMIT
PRETRIAL STATEMENT (Docs. 65, 69, 80.)

17
18
     Robert M. Parker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights
19
action pursuant to 42 U.S.C. § 1983. On April 4, 2005, the Court issued an Order requiring the
20
parties to file pre-trial statements. Plaintiff was to file his pre-trial statement on or before May
21
18, 2005, and Defendant was to file his pre-trial statement on or before June 17, 2005. On May
22
17, 2005, Defendants moved to continue the trial. The District Court denied the request and set a
23
deadline for the parties to file pre-trial statements of July 11, 2005. Defendants filed their pre-
24
trial statement on July 11, 2005. However, Plaintiff did not file his Pretrial Statement as ordered
25
by the Court. Thus, on July 15, 2005, the Court issued Findings and Recommendations to
26
dismiss the action for Plaintiff's failure to comply and prosecute the action. Plaintiff filed a
27
Pretrial Statement three days after the issuance of the Recommendation, thus, the Court vacated
28
the Recommendation on July 27, 2005.

1

On August 3, 2005, Defendants moved to strike the Pretrial Statement from the record for its failure to comply with the local rules.  Finding justification for Defendants Motion, the Court granted the Motion and ordered the Pretrial Statement stricken from the record.  Plaintiff was granted to and including August 21, 2005, to file a Pretrial Statement that conformed to the Local Rules.  However, to date, Plaintiff has submitted no Pretrial Statement or made any other contact with the Court.  Currently, this case is scheduled for a Telephonic Trial Confirmation Hearing on August 25, 2005, and trial on September 20, 2005.  However, because Plaintiff has failed to file a Pretrial Statement, the Court cannot issue its Pretrial Order setting forth the specific information needed in order to conduct trial.  Accordingly, in light of Plaintiff's failure to comply with the Court order having been warned previously of the consequences of his failure to comply, the Court VACATES the Telephonic Trial Confirmation Hearing set for August 25, 2005, at 9:00 a.m. before the undersigned, and TRIAL, set for September 20, 2005, at 9:00 a.m. before the Honorable Oliver W. Wanger.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

1    In determining whether to dismiss an action for lack of prosecution, failure to obey a

2    court order, or failure to comply with local rules, the court must consider several factors: (1) the

3    public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

4    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

5    their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831;

6    <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>,

7    46 F.3d at 53.

8    In the instant case, the Court finds that the public's interest in expeditiously resolving this

9    litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case

10   has been pending for over six years.  The third factor, risk of prejudice to defendants, also weighs

11   in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable

12   delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The

13   fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed

14   by the factors in favor of dismissal discussed herein.   Finally, a court's warning to a party that

15   his failure to obey the court's order will result in dismissal satisfies the "consideration of

16   alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33;

17   <u>Henderson</u>, 779 F.2d at 1424.  The court's order requiring Plaintiff to file a pre-trial statement

18   expressly stated:  "The parties are advised that failure to file pre-trial statements as required by

19   this order may result in the imposition of appropriate sanctions, which may include dismissal of

20   the action or entry of default."  Thus, Plaintiff had adequate warning that dismissal would result

21   from his noncompliance with the Court's order.

22   Accordingly, the Court HEREBY ORDERS:

23   1.    The Telephonic Trial Confirmation Hearing set for August 25, 2005, and Trial set

24         for September 20, 2005, are VACATED;

25   2.    The Court REQUESTS Defendants notify the prison and Plaintiff by phone of the

26         cancellation of the hearing to take place this week.  This Order will also be served

27         on Plaintiff by mail.

28   The Court further RECOMMENDS that this action be dismissed, without prejudice,

1 based on Plaintiff's failure to obey the court's order of April 4, 2005, and subsequent order

2 granting Plaintiff additional time to file his Pretrial Statement.

3      These Findings and Recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **FIFTEEN**

5 **(15) days** after being served with these Findings and Recommendations, Plaintiff may file

6 written objections with the court.  Such a document should be captioned "Objections to

7 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

8 objections within the specified time may waive the right to appeal the District Court's order.

9 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:   August 23, 2005**          **/s/ Sandra M. Snyder**
   icido3                             UNITED STATES MAGISTRATE JUDGE