# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. PARKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. HUTTON, et. al.,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. CV-F-99-6613 OWW SMS P<br><br>**ORDER VACATING TELEPHONIC TRIAL CONFIRMATION HEARING AND TRIAL DATES**<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>Date: **April 18, 2006**<br>Time: **1:00 p.m. Courtroom 7** |

　　　Robert M. Parker ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On October 12, 2006, the Court set a Telephonic Trial Confirmation Hearing for March 14, 2006, before the undersigned, and trial before Judge Oliver Wanger on May 16, 2006.

　　　On February 24, 2006, Counsel for Defendants moved to continue the Trial Confirmation Hearing due to work related conflicts. Defendants also indicate that a written proposed settlement had been sent to Plaintiff and that Defendants wished to set a settlement conference date.

　　　In light of the above, the Court will VACATE the Telephonic Trial Confirmation Hearing and Trial Dates. Given that Defendants are seeking to engage in settlement negotiations, the Court will schedule a Settlement Conference and reset the Telephonic Trial Confirmation

1

Hearing and Trial at a later date should settlement negotiations prove unfruitful.

Accordingly, the Court HEREBY ORDERS:

1. The Telephonic Trial Confirmation Hearing set for March 14, 2006, before the undersigned and the Trial date set for May 15, 2006, before the Honorable Judge Oliver Wanger are VACATED;

2. A Settlement Conference SHALL BE HELD on **April 18, 2006, at 1:00 p.m.** before the undersigned.

3. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** SHALL appear by telephone **with the parties and/or the person(s) having full authority to negotiate and settle the case,** on any terms, at the conference.

4. The Deputy Attorney General SHALL make the appropriate arrangements and obtain the telephone number needed in order for Plaintiff to also appear telephonically at the settlement conference;

5. Both parties SHALL independently contact the chambers of the undersigned by phoning **(559) 499-5690 at 1:00 p.m. on April 18, 2006.** The Deputy Attorney General SHALL be prepared to make a conference call to include Plaintiff on the telephone should the Court require an appearance by both parties on the record;

6. On or before **April 13, 2006,** the parties SHALL submit **directly to the settlement conference judge's chambers** a confidential Settlement Conference Statement. This statement **should neither be filed with the Clerk of the Court nor served on any other party.** Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

6. The Confidential Settlement Conference Statement SHALL include the following:
   a. A brief statement of the facts of the case;
   b. A brief statement of the claims and defenses (i.e., statutory or other

grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

    c. A summary of the proceedings to date;

    d. An estimate of the cost and time to be expended for further pretrial and trial matters;

    e. The relief sought; and

    f. The party's position on settlement, including realistic settlement expectations, present demands and offers, and a history of past settlement discussions, offers, and demands.

7. A party SHALL inform the Court (Courtroom Deputy, Harriet Herman) and the other parties by **April 13, 2006**, that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties SHALL proceed with the settlement conference in good faith to attempt to resolve all or part of the case. The Court may vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case.

The parties are forewarned that pursuant to Local Rule 11-110 "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

IT IS SO ORDERED.

**Dated:   March 3, 2006**　　　　　　　　　　　　/s/ Sandra M. Snyder
icido3　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE